IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–00578–RM–MDB

LAURA ANGELES,

    Plaintiff,

v.

USAA GENERAL INDEMNITY COMPANY,

    Defendant.

---

## ORDER

---

This matter is before the Court on Defendant's "Motion for Leave to Amend Answer." (["Motion"], Doc. No. 20.) Plaintiff has responded in opposition to the Motion, and Defendant has replied. (["Response"], Doc. No. 23; ["Reply"], Doc. No. 24.) For the following reasons, the Motion is **GRANTED**.

### STATEMENT OF THE CASE

Plaintiff Laura Angeles ["Plaintiff"] brings this lawsuit against her homeowners insurance provider, Defendant USAA General Indemnity Company ["Defendant"], to recover on a claim for weather-related damage to her home. (Doc. No. 1.) According to the Complaint, on or about August 15, 2020, "Plaintiff's home suffered severe damage due to a hail-bearing storm." (*Id.* at ¶ 13.) The cost to repair the resulting damage is said to exceed $175,000. (*Id.* at ¶ 17.) At the time of the hailstorm, Plaintiff reportedly held a policy with Defendant, which included hail damage

coverage. (*Id.* at ¶¶ 11-12, 16.) Plaintiff alleges that, subsequent to the August 15, 2020 hailstorm, she filed a timely claim for the resulting damage with Defendant. (*Id.* at ¶¶ 14-15.) Plaintiff complains, however, that the insurer "rejected [her] estimates and refused to fully repair [] all areas impacted by the hail-bearing storm." (*Id.* at ¶ 18.) In addition, Plaintiff alleges that Defendant later refused "to reconsider its payment amount" and "failed to further assess [her] claim," despite Plaintiff's requests that it do so. (*Id.* at ¶¶ 19-20.)

Based on these allegations, on March 8, 2022, Plaintiff commenced this lawsuit against Defendant, asserting two claims for relief: (1) breach of contract; and (2) unreasonable delay or denial of payment of a claim for benefits, pursuant to Colorado Revised Statutes §§ 10-3-1115 and 10-3-1116. (*Id.* at ¶¶ 25-42.) On May 11, 2022, Defendant answered the Complaint, asserting various defenses to Plaintiff's claims, including failure to comply with policy terms and conditions, failure to mitigate damages, contributory fault, and waiver. (Doc. No. 11 at ¶¶ 1-14.)

On July 19, 2022, the Court entered a Scheduling Order, which set certain pretrial dates, including a deadline of August 18, 2022 by which to amend pleadings. (Doc. No. 19 at 8.) On the amended pleadings deadline date, Defendant filed the instant Motion, asking to amend its Answer to assert an additional affirmative defense for failure to cooperate and breach of the policy's "Your Duties After Loss" provisions. (Doc. No. 20 at 1-2.) Defendant contends, specifically, that it should now be allowed to amend its pleading, under Federal Rule of Civil Procedure 15(a), because it has fully complied with the requirements set for in § 10-3-1118 of the Colorado Revised Statutes to assert a failure to cooperate defense, and because its request to amend is "timely." (*Id.* at 3-4.)

The proposed Amended Answer, which is attached as an exhibit to the Motion, asserts the following new defense to the claims lodged by Plaintiff in the Complaint:

> 13. Plaintiff's claims may be barred in whole or in part based on Plaintiff's failure to comply with the Duties after Loss provisions in the Policy, failure to provide requested documentation or records, or otherwise failing to cooperate with USAA GIC's adjustment of Plaintiff's claim.

(Doc. No. 20-5 at 8 ¶ 13; *see* Doc. No. 20-4 at 8 ¶ 13.) No other revisions are contained within Defendant's proposed pleading. (*Compare* Doc. No. 11, *with* Doc. No. 20-5.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a), which applies here,[1] provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties." *Minter v. Prime Equip.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted). Therefore, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits.").

## ANALYSIS

Plaintiff opposes Defendant's request to amend on two grounds. (Doc. No. 23 at 1-2.) She argues, first, that the proposed amendment to add a failure to cooperate defense would be futile,

---

[1] Defendant sought leave to amend its Answer on August 18, 2022, the date by which amended pleadings were due. (Doc. No. 19 at 8.) Because Defendant's Motion was timely filed, the Rule 15(a) standard applies. *See* Fed. R. Civ. P. 15(a), 16(b).

because "the evidence demonstrates that Plaintiff did cooperate and comply with her duties under the Policy." (*Id.* at 3.) Specifically, Plaintiff contends that, even though Defendant alleges that she never responded to its June 29, 2021 correspondence, "the evidence shows that on July 15, 2021, Plaintiff's public adjuster, Peter Ridulfo, called Defendant in response to the June 29, 2021 letter." (*Id.*; *see* Doc. No. 20 at 3.) Second, Plaintiff argues that the present Motion "was filed in bad faith and with a dilatory motive," because the information purportedly underlying Defendant's request to amend "was known, or should have been known," to Defendant "months prior to filing this Motion[.]" (Doc. No. 23 at 1-2.)

## I. Futility

Plaintiff argues that "the evidence demonstrates that Plaintiff did cooperate and comply with her duties under the Policy," and thus, the amendment sought by Defendant would be futile. (*Id.* at 3.) As support for that assertion, Plaintiff has submitted what appears to be a computer printout calendar entry from July 15, 2021, which states: "10AM USAA call re prior claim." (*Id.*; *see* Doc. No. 23-1.) Plaintiff argues that this calendar entry unequivocally negates Defendant's assertion that she did not cooperate with the insurer's adjustment of her claim. (Doc. No. 23 at 3.)

A proposed amendment is futile if the pleadings, as amended, "would be subject to dismissal for any reason." *Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001). The futility of an affirmative defense is evaluated under Federal Rule of Civil Procedure 12(f), which provides that "the court may strike from a pleading an insufficient defense[.]" *See, e.g.*, *Schlup v. Depositors Ins. Co.*, No. 19-2095-HLT-GEB, 2020 WL 5094709, at *14 (D. Kan. Aug. 28, 2020); *Meeker v. Life Care Ctrs. of Am., Inc.*, 2016 WL 11693715, at *3-4 (D. Colo. Apr. 11, 2016); *Stake Ctr. Locating, Inc. v. Logix Commc'ns, L.P.*, No. 2:14-CV-1090 TS, 2014 WL 2709456, at *3 (D. Utah

Jun. 16, 2014). "An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstances." *Unger v. U.S. W., Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995); *see also S.E.C. v. Nacchio*, 438 F. Supp. 2d 1266, 1287 (D. Colo. 2006) ("A motion to strike an affirmative defense as insufficient is adjudicated under the same standard as a motion to dismiss: namely, the Court must strike the defense only if it cannot be maintained under any set of circumstances."). Refusing leave to amend based on "futility of amendment" is within the Court's discretion. *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978-79 (10th Cir. 1996).

Here, the Court finds, in exercising its discretion, that Plaintiff's arguments concerning the viability of Defendant's proposed affirmative defense would be more efficiently raised in the context of a dispositive motion. *See Swanson v. N. Light Specialty Ins. Co.*, No. 20-cv-03778-RMR-NRN, 2021 WL 8944735, at *4 (D. Colo. Oct. 28, 2021) ("Rather than force a 12(f) motion or a motion for summary judgment into the response to the Motion to Amend, [the litigants] are better served by having an opportunity to fully brief the merits of the affirmative defense upon appropriate motion and after the opportunity for discovery."); *Amann v. Office of Utah Att'y Gen.*, No. 2:18-cv-00341, 2021 WL 6125826, at *3 (D. Utah Dec. 28, 2021) (declining to engage in a futility analysis in the context of a motion to amend, where "the viability of the new affirmative defenses would be more properly addressed in dispositive motions"). Indeed, given that the denial of a motion to amend is a dispositive issue that may only be *recommended* by the undersigned, "proceeding with a Rule 12(b) motion may, at least, avoid one round of objections under [Rules] 72(a) or (b)." *Alabassi v. Columbia Ins. Co.*, No. 17-cv-00752-RM-MEH, 2017 WL 10591351, at *2 (D. Colo. Oct. 30, 2017); *see also Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 706 (10th Cir. 2014) ("The liberal granting of motions for leave to amend reflects the

5

basic policy that pleadings should enable a claim to be heard on its merits."). Accordingly, the denial of Defendant's request to amend, based on futility, would not be appropriate.

## *II. Bad Faith and/or Dilatory Motive*

Plaintiff next argues that Defendant's Motion should be denied because it was filed in "bad faith" and with "dilatory motive." (Doc. No. 23 at 3-4.) As to dilatory motive, Plaintiff contends that Defendant "delayed asserting this new affirmative defense until long after it knew or should have known of the facts it now alleges give rise to the affirmative defense of failure to cooperate." (*Id.* at 3.) Plaintiff complains that, even though Defendant "has known" the facts underlying its proposed affirmative defense "since June 2021," it waited until September 7, 2022 to file this Motion. (*Id.* at 3-4.) Plaintiff laments that Defendant "sets forth no explanation or justification for this delay." (*Id.* at 4.) As to bad faith, Plaintiff argues that Defendant "knows that the evidence contradicts the proposed affirmative defense of failure to cooperate but it chooses to amend its answer to include the defense anyway." (*Id.*)

Here, there is nothing within the record to suggest that Defendant acted in bad faith or with undue delay with regard to pleading a failure to cooperate defense. Defendant sought permission to add the affirmative defense within the deadline for the amendment of pleadings. (Doc. No. 19 at 8.) Further, Colorado law allows an insurer to assert an affirmative defense for failure to cooperate, only after the insurer submits a written request for information and gives its insured at least sixty days to respond. Colo. Rev. Stat. § 10-3-1118(1) (2021). Defendant has produced evidence showing the reasonable steps that it took to comply with this statutory requirement. (Doc. No. 20 at 3-4 (citing Doc. No. 20-1 at 30; Doc. No. 20-2; Doc. No. 20-3).) To the extent that Plaintiff points to other evidence to show that she "did, in fact, cooperate" with Defendant during

the claims handling process, that is not sufficient to show that the insurer acted in bad faith or with undue delay in pleading a failure to cooperate defense. *See Nesjan v. Allstate Fire & Cas. Ins. Co.*, No. 1:18-cv-01489-PAB-SKC, 2020 WL 2494616, at *5 (D. Colo. May 14, 2020) (finding no bad faith or dilatory motive in an insurer's assertion of a new affirmative defense, where the record showed that the insurer "was diligent in investigating and now asserting its fraud defense"). Notably, Plaintiff does not appear to claim prejudice resulting from the requested amendment and the Court perceives none, particularly where, as here, discovery remains ongoing, and the relevant deadlines can be extended for good cause shown. On this record, then, the denial of Defendant's request to amend, based on bad faith and/or dilatory motive, is also unwarranted.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED THAT**:

(1) The "Motion for Leave to Amend Answer" (Doc. No. 20) is **GRANTED**.

(2) The Clerk is hereby directed to file the "USAA General Indemnity Company's First Amended Answer and Jury Demand" (Doc. No. 20-5) as a separate docket entry.

DATED: November 8, 2022.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge